# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SUNG S. YANG,

        Petitioner,    :    Case No. 2:22-3217

                                          District Judge Edmund A. Sargus, Jr.
- vs -                                   Magistrate Judge Michael R. Merz

FEDERAL BUREAU OF PRISONS,

        Respondent.    :

## REPORT AND RECOMMENDATIONS

Sung S. Yang, formerly a federal inmate who is currently confined at Alvis House, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 which is ripe for decision on the merits. (ECF No. 1). The case is receiving expedited consideration at Yang's request, occasioned by the short remaining time he is scheduled to be confined (ECF Nos. 7, 8).

**Litigation History**

Yang was convicted in the United States District Court for the District of Hawaii (Case No. 1:19-cr-129) and sentenced on May 27, 2021. He seeks relief from the "Refusal of the Bureau of Prisons to properly credit earned time credits (ETCs) to which I am entitled under the First Step Act to reduce my sentence" (Petition, ECF No. 1, PageID 2). The claim is restated as Ground One

1

of the Petition as "The BOP is failing to credit earned-time credits according to its rules, implicating my liberty interests." *Id.* at PageID 6.  He asserts he exhausted his administrative remedies by filing with the Bureau of Prisons on April 18, 2022, and appealing from an adverse decision to the Regional Director of the Bureau of Prisons on August 1, 2022. *Id.* at PageID 3.  As of the filing of his Petition, he had not received a decision on the appeal. *Id.* He requests the Court to Order the "BOP to forthwith apply all of my ETCs and to reduce my sentence in accordance with 18 U. S.C. § 3624(g)(3)." *Id.* at PageID 7.  Additionally, Yang seeks

> an order compelling the BOP to reassess my PATTERN score. Pursuant to 18 U. S.C. § 3632(d)(4)(ii), a prisoner with a minimum or low risk of recidivism "shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities. " My risk of recidivism is minimum. See Exhibit 2.

(Petition, ECF No. 1, PageID 10, n. 2).

The Petition was filed August 21, 2022.  On September 2, 2022, the Court ordered the United States to answer on an accelerated schedule by October 1, 2022 (Order for Answer, ECF No. 2).  The United States filed its Response October 1, 2022 (ECF No. 4) and Yang filed his Reply October 24, 2022 (ECF No. 6), rendering the case ripe for decision.

## Analysis

### Positions of the Parties

Yang pleaded guilty to one count of health care fraud and was sentenced to eighteen months imprisonment to be followed by two years of supervised release (Petition, ECF No. 1, PageID 13).

2

Yang avers that his release date is being calculated by the Bureau of Prisons under an interim procedure which will apply until an automated system is implemented. *Id.* at PageID 17. This, he asserts, is contrary to statute and deprives him of his liberty interest in being place on supervised release at an earlier date, December 23, 2022[1]. *Id.* at PageID 10, 17.

The United States opposes the Petition[2], asserting that any mandatory awarding of any time credits under the First Step Act of 2018 ("FSA") is conditioned upon "successful participation in evidence-based recidivism reduction programming or productive activities." *See* 18 U.S.C. § 3632(d)(4)." It concludes "[b]ecause he has failed to demonstrate that he has completed any such programming or activities, Yang's Petition should be denied." (Government's Response, ECF No. 4, PageID 51). The operative language is

> Petitioner did not complete or participate in programming while in BOP custody. On January 16, 2022, Petitioner entered REFUSE status on "needed" programming for Anger/Hostility, Antisocial Peers, Cognitions, and Family/Parenting. He remained in REFUSE status until his transfer to a Residential Reentry Center on March 2, 2022.

Declaration of Jonathan Kerr, ECF 4-1, PageID 56.

Yang notes in his Reply that "[t]he Response is supported by BOP documents and a declaration of a BOP lawyer located at the BOP's Northeast Regional Office in Maryland." (Reply, ECF No. 6, PageID 71). He claims Kerr's Declaration is hearsay, supported only by the hearsay documents from BOP, and not based on any personal observation by Attorney Kerr. *Id.* at PageID 72.

---

[1] Because Yang seeks an order to recalculate his future confinement rather than immediate release, an argument could be made that the proper remedial vehicle is an action under 42 U.S.C. § 1983 rather than 28 U.S.C. § 2241. See *Preiser v. Rodriquez*, 411 U.S. 475 (1973). That point is moot, however, since Yang contends he is entitled to immediate release as of December 23, 2022, which has passed as of the date of this Report.

[2] The United States concedes that Yang has exhausted available administrative remedies (Response, ECF No. 4, PageID 53).

Yang does not engage with Attorney Kerr's analysis of the admissibility of the BOP documents. Kerr avers that he is custodian of those documents of otherwise qualified to certify them and that they are regularly kept records of the BOP with entries made in the ordinary course of the work of that entity. That takes these documents out of the usual exclusion of hearsay from evidence. Fed. R. Evid. 803(6).

Nor does Yang dispute that those records accurately show he did not participate in the required programming from the date of his incarceration in November 2021 until his transfer to Alvis House in March 2022. He provides evidence of activities in which he has participated **since** that transfer, but none from before[3] (ECF No. 6, PageID 79-89).

The burden of proof of entitlement to more earned time credit in this case is on the Petitioner. Yang has produced no proof of the required participation while in BOP custody. His counter argument that Kerr is not a competent witness because he did not observe the refusal misses the critical point of which party has the burden of proof.

**Conclusion**

Because Yang has failed to establish his right to the relief he seeks – an order to recalculate his earned time credits – his Petition should be dismissed with prejudice. Under 28 U.S.C. 2253(c), this case does not raise the question of a certificate of appealability.

December 27, 2022.

---

[3] These documents do not carry the hearsay exception indicia provided by Attorney Kerr for the BOP documents. One would think that Petitioner, having raised a hearsay objection to the Government's documentation, would have avoided that difficulty with his response.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
