# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SUNG S. YANG,

        Petitioner,   :   Case No. 2:22-cv-3217

                                                         District Judge Edmund A. Sargus, Jr.
- vs -                                              Magistrate Judge Michael R. Merz

FEDERAL BUREAU OF PRISONS,

        Respondent.   :

## SUBSTITUTED REPORT AND RECOMMENDATIONS

    This habeas corpus case, brought *pro se* by Petitioner Sung S. Yang under 28 U.S.C. 2241, is before the Court on Petitioner's Objections (ECF No. 12) to the Magistrate Judge's Report and Recommendations which recommended that the case be dismissed with prejudice (ECF No. 9). District Judge Sargus has recommitted the case for reconsideration in light of the Objections (ECF No. 13). Because the Objections presented the Court with asserted facts to which the United States had not had an opportunity to respond, the Magistrate Judge ordered a response (ECF No. 14) which the United States has now filed (ECF No. 15).

    In its Response, the Government has posited that the Objections need not be resolved because the case has become moot with Petitioner's release on January 26, 2023. *Id.* at PageID

1

130. Petitioner had in fact predicted this result (Objections, ECF No. 12, PageID 106, n. 1[1]). Those new facts change the jurisdictional basis of this case. Accordingly, the original Report and Recommendations (ECF No. 9) is WITHDRAWN and this Report is substituted for it.

Habeas corpus is a remedy for unlawful imprisonment; a petitioner must be "in custody" to maintain a suit in habeas. *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968); *Maleng v. Cook,* 490 U.S. 488, 490–491 (1989) *(per curiam)*. When a prisoner seeks to invalidate the conviction under which he or she is incarcerated, the connection between injury and relief is evident: invalidation of the underlying conviction will result in release from custody. When a habeas petitioner has been released after filing suit,

> whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–478, 110 S.Ct. 1249, 1254, 108 L.Ed.2d 400 (1990). See also *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 2334–35, 45 L.Ed.2d 272 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra,* at 477, 110 S.Ct., at 1253.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Petitioner brought this action under 28 U.S.C. § 2241, seeking not the invalidation of his conviction, but adoption by the Court of the method for calculating his release date which he believes is required by the First Step Act. Because he has been released from custody, this action

---

[1] In fact Petitioner predicted dismissal would occur on January 30, 2023, the date the Government's Response was due. The docket reveals the Government's Response was filed at 11:34 p.m., after the Magistrate Judge had gone to bed. Hence this Substituted Report was the first order of business for January 31, 2023.

no longer represents a live case or controversy as is required by Article III, § 2 of the Constitution for federal court jurisdiction. To put it another way, the Court's granting the relief he requests would have no consequence with respect to his incarceration.[2] "(T)he federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969), quoting *Utd. Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947) (parentheses in original) (internal quotation marks omitted). "Article III of the U.S. Constitution empowers federal courts to hear 'Cases' or 'Controversies,' nothing more. And 'no justiciable "controversy"' exists when parties ... ask for an advisory opinion." *United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016).

Every federal court must assure itself that it has jurisdiction to consider a case and may raise the issue *sua sponte. Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed without prejudice for lack of jurisdiction.

January 31, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under

---

[2] If Petitioner believes adoption of his proposed method of calculating earned time credits should have an impact on his supervised relief sentence, he must apply to the sentencing court for that relief.

3

Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*
United States Magistrate Judge
