UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SUNG S. YANG,**
        Petitioner,                                 **Case No. 2:22-cv-3217**
                                                       **Judge Edmund A. Sargus, Jr.**
v.                                                    **Magistrate Judge Michael R. Merz**

**FEDERAL BUREAU OF PRISONS,**
        Respondent.

## OPINION AND ORDER

This matter is before the Court on the Substituted Report and Recommendation of the Magistrate Judge (ECF No. 16), Petitioner's Objections to the Substituted Report (ECF No. 17), Respondent's Response to Petitioner's Objections to the Substituted Report (ECF No. 18), and Petitioner's Request for Decision (ECF No. 19).  For the reasons set forth below, the Court **OVERRULES** Petitioner's Objections to the Substituted Report (ECF No. 17), **ADOPTS** the Substituted Report and Recommendation (ECF No. 16), **WITHDRAWS** the previously filed Report and Recommendation (ECF No. 9), **DISMISSES** this habeas corpus case, and **DENIES AS MOOT** Petitioner's Request for Decision (ECF No. 19).

### I.

This habeas corpus case, brought *pro se* by Petitioner Sung S. Yang under 28 U.S.C. 2241, previously came before the Court on Petitioner's Objections (ECF No. 12) to the Magistrate Judge's Report and Recommendations, which recommended that the case be dismissed with prejudice (ECF No. 9).  Based on the Petitioner's Objections filed to the Report and Recommendation, this Court recommitted the case to the Magistrate Judge.  (ECF No. 13.)

Because the Objections presented the Court with asserted facts to which the United States had not had an opportunity to respond, the Magistrate Judge ordered a response (ECF No. 14) to which the United States complied (ECF No. 15).  In its Response, the Government posits that the

Objections need not be resolved because the case has become moot with Petitioner's release on January 26, 2023. Petitioner had in fact predicted this result. (Objections, ECF No. 12, PageID 106, n. 1.)

The Magistrate Judge found that the new facts changed the jurisdictional basis of this case and recommended withdrawing the original Report and Recommendations (ECF No. 9), substitute it with the Substituted Report and Recommendation (ECF No. 16) and dismiss this case as moot. The Petitioner has objected, and the Government has responded. This case is now ripe for review.

## II.

As the Magistrate Judge correctly states in his Substituted Report and Recommendation, habeas corpus is a remedy for unlawful imprisonment; a petitioner must be "in custody" to maintain a suit in habeas. *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968); *Maleng v. Cook,* 490 U.S. 488, 490–491 (1989) *(per curiam).* When a prisoner seeks to invalidate the conviction under which he or she is incarcerated, the connection between injury and relief is evident: invalidation of the underlying conviction will result in release from custody. When a habeas petitioner has been released after filing suit, whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–478 (1990).

The Magistrate Judge correctly framed the issue:

> Petitioner brought this action under 28 U.S.C. § 2241, seeking not the invalidation of his conviction, but adoption by the Court of the method for calculating his release date which he believes is required by the First Step Act. Because he has been

released from custody, this action no longer represents a live case or controversy as is required by Article III, § 2 of the Constitution for federal court jurisdiction.

To put it another way, the Court's granting the relief he requests would have no consequence with respect to his incarceration.2 "(T)he federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969), quoting *Utd. Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947) (parentheses in original) (internal quotation marks omitted). "Article III of the U.S. Constitution empowers federal courts to hear 'Cases' or 'Controversies,' nothing more. And 'no justiciable "controversy"' exists when parties ... ask for an advisory opinion." *United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016).

(Substituted Report at 2–3.)

Every federal court must assure itself that it has jurisdiction to consider a case and may raise the issue *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998). Here, as the Magistrate Judge recommends, the petition must be dismissed with prejudice for lack of jurisdiction.

### III.

For the reasons set forth above, the Court **WITHDRAWS** the previously filed Report and Recommendation (ECF No. 9), **OVERRULES** Petitioner's Objections to the Substituted Report (ECF No. 17), **ADOPTS** the Substituted Report and Recommendation (ECF No. 16), **DISMISSES** this habeas corpus case, and **DENIES AS MOOT** Petitioner's Request for Decision (ECF No. 19).  The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendant/Respondent and **CLOSE** this case.

**IT IS SO ORDERED.**

<u>7/17/2023</u>                                             <u>s/Edmund A. Sargus, Jr.            </u>
**DATE**                                                        **EDMUND A. SARGUS, JR.**
                                                                       **UNITED STATES DISTRICT JUDGE**

3